PIERCE *v.* ILLINOIS CENTRAL RAILROAD COMPANY

No. 43784          February 14, 1966          183 So. 2d 190

*Ramsay, Ramsay & Bodron,* Vicksburg, for appellant.

808

*Robert Mitten, John W. Foster,* Chicago, Ill.; *Wise, Smith & Carter,* Jackson, for appellee.

GILLESPIE, P. J.

Complainant below and appellant here filed an original bill of complaint for a mandatory injunction requiring the Illinois Central Railroad Company to restore transportation pass rights to appellant, and for damages for refusal of the Railroad to recognize his lifetime pass. A hearing was had on bill, answer and proof, after which the court entered a decree denying the relief, and dismissing the bill with prejudice. This decree was entered April 21, 1964. Court adjourned on May 2, 1964, and no appeal was perfected within ninety days from April 21, 1964. On July 15, 1964, appellant filed a motion for rehearing on the grounds of newly discovered evidence. This motion was overruled on December 14, 1964, on the following grounds: (1) it was not timely filed, and (2) if considered as a petition for leave to file a bill of review on the ground of newly discovered evidence, the averments were insufficient to justify granting the petition. On January 19, 1965, appellant filed an appeal bond appealing from a judgment "recently rendered" by the Chancery Court of Pike County. The entire record was sent to this Court, including the transcript of the evidence on the hearing on the merits. The case is argued by the parties on the merits and on the Railroad's motion to dismiss the appeal.

■ ■ The first question for our decision is whether the motion for a rehearing filed on July 15, 1964, was filed within the time allowed by law. We hold that the decree dated April 21, 1964, became final when the court adjourned on May 2, 1964, and the motion for rehearing filed thereafter came too late to be considered. ■ ■ There must be an end to litigation somewhere, and there must be a time when the power of the court over its final decree must come to an end. This is fixed as of the end of the term of court at which the final decree is rendered, and a motion for rehearing for newly discovered evidence filed thereafter cannot be considered. Edwards v. Peresich, 221 Miss. 788, 74 So. 2d 844 (1954); Griffith, Miss. Chancery Practice § 633 (2d ed. 1950).

Appellant did not perfect an appeal from the final decree of April 21, 1964, within the ninety days allowed by law. The chancellor considered appellant's motion for rehearing as a petition for leave to file a bill of review based upon newly discovered evidence. We entertain this appeal as being from the decree denying appellant's petition for leave to file a bill of review. This brings us to the question whether the petition for leave to file a bill of review on the ground of newly discovered evidence was properly dismissed. We hold that it was for two separate and sufficient reasons.

■ ■ In the first place, the chancellor correctly found that the evidence which appellant contends was newly discovered consisted, for the most part, of letters which appellant received on February 16, 1964, and the final decree was not entered until April 21, 1964. We affirm the chancellor's finding that the facts claimed to be newly discovered evidence ought to have been brought to the attention of the court before the final decree was rendered. Griffith, Miss. Chancery Practice § 640 (2d ed. 1950).

■ ■ Secondly, when the facts set up in the petition for leave to file a bill of review are considered with all

the facts before the court on the original hearing, the appellant is still not entitled to the relief prayed for in the original bill. The lifetime pass which was awarded appellant when he completed forty years of service and the card accompanying the "Gold Plaque" which was awarded appellant after completion of fifty years of service, and which contained the words "Gold Pass Veteran," were gratuities which were good for life, "unless otherwise ordered." The union contract under which appellant worked did not provide for passes.

In 1906 the Congress passed the Hepburn Act, 34 Stat. 584 (1906), 49 U. S. C. section 1 (7) (1958), providing that common carriers shall not, directly or indirectly, issue or give any interstate free ticket, free pass, or free transportation for passengers, except to its employees, its officers, time inspectors, surgeons, physicians, and attorneys at law, and the families of any of the foregoing and certain other persons.

The Supreme Court of the United States has repeatedly held that a pass issued to a railroad employee is a gratuity, and there is no obligation on the railroad to issue such free passes. The pass issued to appellant was revocable. Francis v. Southern Pac., 333 U. S. 445 (1948); Kansas City So. Ry. v. Van Zant, 260 U. S. 459 (1923); Charleston & W. Car. Ry. v. Thompson, 234 U. S. 576 (1914). See also Absher v. Illinois Cent. R. R., 371 S. W. 2d 950 (Ky. 1963).

For the reasons stated, the case must be and is affirmed.

Affirmed.

*Ethridge, C. J., and Rodgers, Jones and Robertson, JJ.,* concur.