BOWLING, Justice,
for the Court:
Appellant was convicted of rape in the Circuit Court of Rankin County and sentenced to serve a term of thirty years under the jurisdiction of the Department of Corrections. He appeals, alleging several assignments of error. We shall discuss only two. No purpose would be served in discussing the evidence except as it relates to these two assignments of error.
The jury had retired to consider its verdict. According to the record, “after a period of deliberation,” the circuit judge had the jury brought to the courtroom and gave the following additional charge, to wit:
This is an important case. If you should fail to reach a decision, the case is left open and undecided: Like all cases, it must be decided sometime. Another trial would be a heavy burden on both sides. There is no reason to believe that the case can be tried again any better or more exhaustively than it has been. There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side.
Also, there is no reason to believe that the case would ever be submitted to twelve people more intelligent or more impartial or more reasonable than you. Any future jury must be selected in the same manner that you were.
These matters are mentioned now because some of them may not have been in your thoughts.
This does not mean that those favoring any particular position should surrender their honest convictions as to the weight or effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision.
This does mean that you should give respectful consideration to each other’s views and talk over any differences of opinion in a spirit of fairness and candor. *57 If at all possible, you should resolve any differences and come to a common conclusion so that this cause may be completed.
You may be leisurely in your deliberations as the occasion may require and take all the time you feel necessary. The giving of this instruction at this time in no way means it is more important than any other instruction. On the contrary, you should consider this instruction together with and as a part of the instructions which I previously gave you. You may now retire and continue your deliberations in such manner as may be determined by your good judgment as reasonable people.
After this charge was given, the jury was returned to the jury room. The attorney for the defendant then dictated a motion into the record requesting a mistrial because of this additional instruction, stating that it was a form of the “Allen” instruction which put pressure on the jury to compromise and return a verdict. In overruling the motion, the Court said: “The motion is overruled. The Mississippi Supreme Court having expressly approved the giving of the Allen charge.”
The lower court was in error in its opinion of the law as quoted above, and erroneously gave the version of the now infamous “Allen” charge. In the case of Sharplin v. State, 330 So.2d 591 (April 20, 1976), this Court, in condemning the giving of the “Allen” charge in any form, stated: “Following publication of this opinion, the ‘Allen charge’ in any of its various forms should not be given.”
This opinion was published on May 27, 1976. The trial of appellant was had on July 28,1976, two months after the publication of the Sharplin opinion quoted above. This made the charge given to the jury obviously erroneous and constitutes reversible error.
One other assignment of error needs to be discussed. The incident resulting in the indictment occurred on March 21, 1976. The State introduced a physician as one of its witnesses who testified that on May 24, 1976 (approximately two months after the incident) he examined the young alleged victim of the crime. He found that her hymen was torn in an irregular manner and that the tear was well healed. He further testified that he could not tell from his examination at that time how long before the examination this tear had occurred. He estimated that it could have been as far back as eighteen months prior to the examination.
On cross-examination of the alleged victim of the crime, the attorney for appellant attempted to elicit from her whether anything “like this” had happened earlier. The State’s objection to this cross-examination was sustained. We are of the opinion that this was error. Although the testimony of the alleged victim was prior to that of the physician, it is recognized in the trial of criminal cases, particularly in recent times, that the evidence held by the State is generally known prior to the trial. We assume that this was the reason appellant’s attorney made an effort to elicit the information from the young alleged victim. Of course, it would have been a better procedure for appellant’s attorney to have made a more complete record of this attempt either by placing a clear statement of his intentions in the record or by witnesses who would justify introducing the evidence requested. This is a close question under the record before us, but considering all the evidence we are of the opinion that appellant’s attorney should have been permitted to elicit the information sought from the alleged victim.
The cause, therefore, is reversed and remanded for a trial before another jury.
REVERSED AND REMANDED.
PATTERSON, C. J., INZER, P. J., and SUGG and WALKER, JJ., concur.
SMITH, P. J., and ROBERTSON, BROOM and LEE, JJ., dissent.