533 So.2d 1110 (1988)
In re MISSISSIPPI JUDICIAL INFORMATION SYSTEM (MJIS).
Supreme Court of Mississippi.
November 7, 1988.

*1111 ORDER
The Court today considers the planning and implementation of the Mississippi Judicial Information System (MJIS). MJIS is a comprehensive and long-awaited plan which, when complete, will provide an automated mechanism for the acquisition, storage, and retrieval of data essential to the effective and efficient operation of the courts of this state.
This Court assumes with great anticipation its constitutional duty to plan and control this great endeavor. As the paramount body within the Judicial branch of government, we are the guardians of judicial process, charged with guiding the operation of the judicial branch toward the "efficient disposition of judicial business." Our charge extends to the promulgation and control of practice and procedure in the courts. Newell v. State, 308 So.2d 71 (Miss. 1975). Southern Pacific Lumber Co. v. Reynolds, 206 So.2d 334, 335 (Miss. 1968); Article 6, Section 144, Const. of 1890. These functions reflect the essence of a democratic, tripartite government  its unflagging adherence to the doctrine of separation of powers. Alexander v. State, ex rel. Allain, 441 So.2d 1329 (Miss. 1983).
Undoubtedly, modern day judicial efficiency depends most prominently on our embrace of the vast resources provided by the computer revolution. In today's world, concepts of docket management and data storage can be made tangible only within the confines of an automated program. Moreover, critical choices in the areas of software applications and equipment must be made by those persons whose energies and expertise lie in the operation of the courts.
We solicit the cooperation and assistance of those governmental entities well-versed in technological application. We specifically seek the advice of the Central Data Processing Authority (CDPA). Yet, in saying this we must reaffirm that the judicial department of the government of this state is not subject to the authority or regulations of CDPA. The statutory enabling provisions announce the authority's mandate. The statutes direct that CDPA provide for the "development of the plans for the efficient acquisition and utilization of computer equipment and services by all agencies of state government. ... The term "agency," as defined throughout the Mississippi Code, uniformly excludes the Courts from such regulation with the exception of record-keeping requirements. See generally MCA § 7-7-1 (Supp. 1988) ("`agency' means any state board ... except a legislative or judicial board, commission, committee, council, department or unit thereof."); MCA § 25-9-107 (Supp. 1988) (judicial branch excluded from definition of agency for purposes of the State Personnel Board); MCA § 31-7-1 (Supp. 1988) (Judicial Branch excluded as agency for purposes of purchasing laws); MCA § 25-43-3 (Supp. 1988) (Judicial Branch excluded from agency definitions for purposes of administrative procedures); MCA § 25-59-3 (Supp. 1988) (Judicial branch required to maintain records). Despite our exclusion from CDPA regulatory authority, we recognize and solicit the wealth of knowledge and expertise available within its boundaries. Success in automation will be best assured by an integrated network of talents.
Having recognized the critical need for an informational system linking our courts and this Court's constitutional responsibility to assume control of the system's destiny;
IT IS HEREBY ORDERED THAT
(1) The planning and implementation of the Mississippi Judicial Information System (MJIS) proceed under the exclusive authority *1112 and control of this Court through the Chief Justice;
(2) The Court welcomes and earnestly solicits the advice and counsel of CDPA and all others with expertise and experience, etc.
(3) The Clerk of this Court will spread this Order upon the minutes of the Court and furnish a certified copy to the Executive Director of the Central Data Processing Authority, the Governor, the Attorney General, the Secretary of State, the State Auditor, the Lt. Governor as President of the Senate, the Speaker of the House of Representatives, the Director of Purchasing, and the State Fiscal Officer. Moreover, a copy shall be sent to West Publishing Company for publication in its official report of Mississippi cases.