643 So.2d 942 (1994)
Robert Earl BOLTON
v.
STATE of Mississippi.
No. 92-KA-1101.
Supreme Court of Mississippi.
October 6, 1994.
David M. Ratcliff, Ratcliff & Ratcliff, Laurel, for appellant.
Michael C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and McRAE and SMITH, JJ.
DAN M. LEE, Presiding Justice, for the Court:
Robert Earl Bolton was arrested by the Laurel Police Department on September 21, 1991, for possession of a controlled substance. Bolton was tried by jury in the Circuit Court for the Second Judicial District of Jones County, Mississippi. Bolton was found guilty and sentenced to three years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction, Bolton appealed to this Court, asserting the following issue:
I. Whether the trial court denied Appellant the right to a fair trial, when the Circuit Judge, faced with the possibility of a deadlocked jury, without consulting defense counsel, read a modified version of the "Allen Charge" to the jury.
After a review of the record and briefs in this case, we find that the lower court erred *943 as to this issue in its instruction to the jury. We reverse appellant's conviction for possession of a controlled substance and remand to the Jones County Circuit Court, Second Judicial District, for proceedings not inconsistent with this opinion.

FACTS
Many of the facts of this case are undisputed. On September 21, 1991, Robert Earl Bolton was arrested by Officer John Clark of the Laurel Police Department for possession of a controlled substance. On September 21, 1991, at or about 11:30 p.m., Officer Clark, while on patrol, observed Bolton walking down the center of Monroe Street in the city of Laurel. Officer Clark observed Bolton repeatedly looking over his shoulder at his police car. Officer Clark approached and placed his bright lights upon Bolton. Officer Clark observed Bolton clutching something in his right hand and then make a motion to drop the item into a grassy area off the road. Officer Clark stopped his patrol car, got out, and walked straight to the discarded item. The item turned out to be a matchbox which later proved to contain 22 pieces of rock cocaine. At this point, Officer Clark arrested Bolton for possession of cocaine.
Bolton was tried on October 8, 1992. During the course of the trial, the state called three witnesses and the defense called one witness. The court instructed the jury as to the law and at 11:40 a.m. the jury retired to begin its deliberations.
During the course of jury deliberations, a note was sent out to the judge. The note stated that a similar past experience was keeping one juror from making a decision based solely on the evidence given in court. The note also stated that another juror heard something on television the previous night concerning Bolton's trial. The jurors were brought into the courtroom and seated in the jury box. The trial judge spoke to the jury and said: "You've been in the jury room now for 2 hours and 30 minutes. Is there a problem at this time? Are you deadlocked on your verdict at this time?" Mrs. Ainsworth, the jury foreperson, nodded her head affirmatively. The judge then stated that he was going to read "something" to the jury and send them back to deliberate further.
The judge read the following instruction to the jury:
I know that it is impossible for honest men and women to  I know that it isn't  excuse me. I know that it is possible for honest men and women to have honest differences of opinions about the facts of a case. But if it is possible to reconcile your differences of opinion and decide this case, then you should do so. Accordingly, I remind you that originally  excuse me. Accordingly, I remind you that the Court originally instructed you that the verdict of the jury must represent the considered judgment of each juror. It is your duty as jurors to consult one with another and deliberate in view of reaching an agreement, if you can do so without violence to your individual judgment. I'm going to ask you that you continue deliberations in an effort to agree upon a verdict and dispose of this case. I have a few additional comments I would like to make. This is an important case. The trial has been expensive in both time, effort and money in both [sic] the defense and the prosecution. If you should fail to agree on a verdict, the case is left open and must be tried again. Obviously, another trial would serve only to increase the cost to both sides, and there is no reason to believe that this case can be tried again by either side better or more exhaustively than it has been tried before you. Any further jury may be selected in the same manner as you have been chosen from the same source, and there is no reason to believe that the case could ever be submitted to twelve men and women more conscientious, more impartial, or more competent to decide it, or that more or clearer evidence could be produced. If a substantial majority of your number are for conviction, either  each dissenting juror ought to consider whether a doubt in his or her own mind is a reasonable one since it appears to make no effective impression upon the minds of the others. On the other hand, if a majority or even a lesser number of you are for acquittal, the other jurors ought to seriously ask themselves again, and more thoughtfully, *944 whether they do not have a reason to doubt the correctness of a judgment which is not shared by several of their fellow jurors, and whether they should distrust the weight and sufficiency of evidence which fails to convince several other jurors beyond a reasonable doubt. Remember at all times that no juror is expected to yield a conscientious conviction he or she may have as to the weight or effect of the evidence; but remember also that after full deliberation and consideration of the evidence in this case, it is your duty to agree upon a verdict, if you can do so without surrendering your conscientious conviction. You must also remember that if the evidence in the case fails to establish guilt beyond a reasonable doubt, the accused should have your unanimous verdict of not guilty. You may be as leisurely in your deliberations as the occasion may require and should take all the time which you may feel is necessary. I will ask you now to return to the jury room and to further consider your deliberations. If you cannot reach a verdict in this case one way or the other after such time as you feel like you have had adequate time to do so to deliberate, then you just let us know.
Bolton objected to the "Allen Charge" as soon as the jury retired to the jury room. Bolton's objection was based upon two grounds: (1) that the instruction dealt with the cost of the trial and that cost should not be a factor in the jury's decision; and (2) that the instruction stated that if a substantial majority of the jury was for conviction, each dissenting juror ought to consider whether a doubt in his or her own mind is reasonable. The judge noted defense counsel's objections for the record and stated "that he had read the instructions right out of the latest notebook sent to him by the Mississippi Supreme Court."
The jurors returned to the court room at 2:35 p.m. with a guilty verdict. It appears from the record that the jury deliberated less than fifteen minutes after the judge gave the Fifth Circuit "Allen Charge" instruction. The judge, upon receiving the verdict, sentenced Bolton to serve three years in the state penitentiary.

LAW

I. Whether the trial court denied Appellant the right to a fair trial, when the Circuit Judge, faced with the possibility of a deadlocked jury, without consulting defense counsel, read a modified version of the "Allen Charge" to the jury.
The "Sharplin Charge" is this Court's approved alternative to the "Allen Charge". In Sharplin v. State, 330 So.2d 591 (1976), this Court, sua sponte, forbade the state trial courts from using the "Allen Charge" in any of its various forms. See Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). This Court approved in its place the only jury instruction that should be given by a trial judge to a deadlocked jury. This instruction is known as the "Sharplin Charge."
The approved "Sharplin Charge" is as follows:
I know that it is possible for honest men and women to have honest different opinions about the facts of a case, but if it is possible to reconcile your differences of opinion and decide this case, then you should do so.
Accordingly, I remind you that the court originally instructed you that the verdict of the jury must represent the considered judgment of each juror. It is your duty as jurors to consult with one another and to deliberate in view of reaching agreement if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose *945 of returning a verdict. Please continue your deliberations.
Id. at 596.
We have, on subsequent occasions, reversed convictions in which the trial judge deviated from the approved "Sharplin Charge." In each of these cases we have held that the trial judge's deviation from the "Sharplin Charge" constituted reversible error because the substituted instructions were coercive in nature. Coleman v. State, 350 So.2d 55 (Miss. 1977); Murphy v. State, 426 So.2d 786 (Miss. 1983); Edlin v. State, 523 So.2d 42 (Miss. 1988); Brantley v. State, 610 So.2d 1139 (Miss. 1992). When dealing with instructions given to a deadlocked jury we have stated: "[t]hese errors need not occur at all-ever. Sharplin very clearly delineated the two proper charges a judge could give to a deadlocked jury." Edlin, 523 So.2d at 45.
In the case sub judice, the trial judge began reading the approved "Sharplin Charge" to the jury; he had almost finished the entire charge when he added to the "Sharplin Charge" the text of the Fifth Circuit "Allen Charge" approved in United States v. Kimmel, 777 F.2d 290 (5th Cir.1985) cert. denied, 476 U.S. 1104, 106 S.Ct. 1947, 90 L.Ed.2d 357 (1986). Copies of both the "Sharplin Charge" and the "Fifth Circuit Charge" are found in Mississippi Jury Instructions: Criminal, C.116, C.117 (West 2d ed. 1992).
It appears from the record that the trial judge mistakenly thought that the Fifth Circuit "Allen Charge" had been approved by this Court. The State argues that the Fifth Circuit's "Allen Charge" has been approved by the Mississippi Judicial College and therefore this Court should adopt this instruction.
Accordingly, the State asks that we overrule Sharplin, and its progeny to the extent necessary to adopt the Fifth Circuit's "Allen Charge." Kimmel, supra. The State argues that we should review each variation from the approved Sharplin instruction on a case by case basis. The State further suggests that this Court could review each case upon the totality of the circumstances to determine if the challenged instruction was coercive.
We respectfully reject the State's invitation to adopt the Fifth Circuit's "Allen Charge" for use in state trial courts. The Fifth Circuit "Allen Charge" is not free of the problems that we have discussed in Sharplin, supra; Coleman, supra; Murphy, supra; Edlin, supra; and Brantley, supra. Therefore, use of the Fifth Circuit "Allen Charge" in state trial courts is not acceptable.
The recommendations of the Mississippi Judicial College are certainly appreciated, however, this Court is charged with making and adopting rules of practice, procedure and evidence. Hall v. State, 539 So.2d 1338 (Miss. 1989); In Re Miss. Judicial Information System, 533 So.2d 1110 (Miss. 1988); Newell v. State, 308 So.2d 71 (Miss. 1975). It is our charge to adopt procedural rules and other such rules that insure that the defendant is given a fair trial. Miss. Const. art. VI, § 144; Hall v. State, 539 So.2d 1338 (Miss. 1989); Newell v. State, 308 So.2d 71 (Miss. 1975). Trial judges and practitioners in this state should be aware that the use of MJI C.117, found in Mississippi Jury Instructions: Criminal (West 2d ed. 1992), is not acceptable for use in Mississippi State trial courts. The publisher of this book should make the appropriate notations on this instruction to indicate that it has been expressly rejected by the Mississippi Supreme Court and should not be used in Mississippi State trial courts.
Because the jury in Bolton's case initially indicated that it was deadlocked 10-2, coupled with the fact that the jury returned a guilty verdict approximately fifteen minutes after having been instructed on the improper Fifth Circuit "Allen Charge," we cannot conclude with confidence that the judge's mistaken combination of the "Sharplin Charge" and the prohibited Fifth Circuit "Allen Charge" did not taint the jury.
Therefore, we reverse Bolton's conviction for possession of a controlled substance and *946 remand this case to the Jones County Circuit Court, Second Judicial District, for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.