ON WRIT OF CERTIORARI.

DICKINSON, Presiding Justice, for the Court:
¶ 1. At Anthony Lafayette’s murder trial, when the jury informed the trial judge that it could not reach a unanimous verdict, the judge responded to the jurors that, if they could not reach a verdict, he would call a new jury that would be “reasonable and fair” and that he hoped not to put the “County and State to the expense” if he could get around it. Lafayette moved for a mistrial, but the judge denied his motion, and Lafayette was convicted of manslaughter. The trial judge’s inappropriate instruction requires that we reverse and remand for a new trial.
BACKGROUND FACTS AND PROCEEDINGS
¶ 2. After deliberating for some time, the jurors returned to the courtroom and informed the judge that they were unable to reach a unanimous verdict. The judge then instructed the jury:
Well, speaking to all of you, let me say that if there is any ray of hope, any slight chance of your reaching a unanimous decision, the law compels, it requires you to do so. If you are unable to succeed in doing that, that’s not the end of the day. Certainly not the end of the case. We will call back another jury that hopefully will be reasonable and fair, and one that can be successful in reaching a decision. I hope not to put the County and the State to the expense if I can get around it. But if you tell me you’re hopelessly deadlocked, I will accept your decision.
¶ 3. The jury then told the judge that the vote count was ten to two. Two jurors indicated that further deliberations might help them reach a unanimous verdict, but several others said that a unanimous decision might not be possible. After a brief discussion between the judge and the attorneys, the judge gave the jury the following instruction:
The Court realizes that it is possible for honest men and women to have honest different opinions about the facts of a case. But if it is at all possible to reconcile your differences of opinion and decide the case, then you should do so. Accordingly, I remind you that the court originally instructed you that the verdict of the jury must represent considered judgment of each juror.
It is your duty as jurors to consult with one another and to deliberate in view of reaching agreement if you can da so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. *1217 In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you think, if your [sic] convinced it is erroneous. Meaning, if you think it is wrong. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the sole purpose of returning a verdict.
You are hereby instructed to please continue with your deliberations. I don’t know of anything else to say to you because I don’t know how you’re divided. I don’t know what the problematic point is. But, in addition, if you’re looking at all of the instructions as a whole, if you’re uncertain about any particular thing, you can always fall back on that part of your instructions that say, use your good common sense and your sound honest judgment.
¶ 4. When the jury left the courtroom, Lafayette’s counsel moved for a mistrial “based on what happened and ... the fact that the jurors indicated that they are hopelessly deadlocked.” The judge denied defense counsel’s motion, and the jury found Lafayette guilty of manslaughter.
¶ 5. Lafayette appealed and raised four issues: (1) whether the trial court should have granted his peremptory jury instruction; (2) whether the trial court erred in denying his proposed jury instructions; (3) whether the trial court committed reversible error by adding language to its Sharp-lin [1] instruction; and (4) whether the trial court erred by failing to properly instruct the jury on prior inconsistent statements made by the security guard. The Court of Appeals affirmed, and we granted Lafayette’s petition for writ of certiorari. Because the Sharplin issue is dispositive, we will address that issue only.
ANALYSIS
¶ 6. Lafayette argues that the trial judge committed reversible error by stating to the jury that he would “call back another jury that hopefully [would] be reasonable and fair, and one that [could] be successful in reaching a decision,” and “I hope not to put the County and the State to the expense if I can get around it.” We agree.
¶ 7. The State correctly points out that Lafayette’s counsel failed to object contemporaneously when the judge made the inappropriate comments, but also argues that, even if Lafayette is not procedurally barred from raising the issue, the judge’s statements were not coercive and were merely statements of fact.
¶ 8. The Sharplin instruction is this Court’s approved alternative to the “Allen charge.”[2] An Allen charge is an instruction that reminds the jury of its duty and the time and expense of trial.[3] While the Allen charge is used at the federal level,[4] this Court has found it inappropriate and coercive. In Sharplin v. State, we held that a trial judge — on learning that a jury *1218 could not reach a unanimous verdict — may give one of two instructions.[5] The judge may instruct the jury to “[pjlease continue [their] deliberations”; or the judge may state:
I know that it is possible for honest men and women to have honest different opinions about the facts of a case, but, if it is possible to reconcile your differences of opinion and decide this case, then you should do so. Accordingly, I remind you that the court originally instructed you that the verdict of the jury must represent the considered judgment of each juror. It is your duty as jurors to consult with one another and to deliberate in view of reaching agreement if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Please continue your deliberations.[6]
¶ 9. As the Court of Appeals noted, Lafayette did not immediately object when the judge inappropriately instructed the jury on the costs of litigation and his willingness to get another jury that would be fair and reasonable. Instead, Lafayette’s attorney moved for a mistrial after the judge had given the approved Sharplin instruction. Although we agree that Lafayette failed to object contemporaneously, this Court may still reverse a defendant’s conviction for plain error where a judge deviates from this Court’s approved Shai’plin instruction.[7]
¶ 10. The State’s argument — that the trial judge’s comments were not coercive— is contrary to the judge’s plain words and to precedent. In Murphy v. State, the jury informed the trial judge that it could not reach a unanimous verdict, and the judge commented on the expense of trials and the necessity of trying the case in front of another jury if it could not reach a verdict.[8] We found that the judge’s statements were “highly prejudicial” and were a “clear departure” from Sharplin.[9] We reversed the defendant’s conviction.[10]
¶ 11. And in Edlin v. State, we reversed a defendant’s conviction where the judge told the jury — through the bailiff— that “too much time and work” had been put into the case.[11] We said that “[t]hese errors need not occur at all — ever,” and that “Sharplin very clearly delineated the two proper charges a judge could give to a deadlocked jury.”[12] Likewise, in Bolton v. State, we reversed a defendant’s conviction where the trial judge added an Allen charge to the Sharplin instruction by referring to the “time, effort and money” *1219 that both sides had expended on the trial.[13] As we have said before, “the possibility of coercion, if any, lies in the trial judge’s conduct and comments after he receives the division, that is, whether the judge merely affords the jury additional time to deliberate or whether he attempts to force a verdict by suggestive or coercive measures.” [14]
¶ 12. A trial judge has great credibility with the jury, and the potential of coercion and influence is too great. We reinforce our decision in Sharplin that, upon learning the jury is deadlocked, the trial judge may give one of two instructions stated in that case, and addressing the costs of trial and the possibility of calling another jury that is fair and reasonable is not an option. And in today’s case, the improper communication was-as it was in Edlin “incurable reversible error.”[15]
CONCLUSION
¶ 13. Because the trial judge improperly instructed the jury on the costs of trial and the possibility of calling another jury that would be fair and reasonable, we reverse the judgments of the Court of Appeals and the circuit court and remand this case to the Bolivar County Circuit Court for a new trial.
¶ 14. REVERSED AND REMANDED.
WALLER, C.J., CARLSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. CARLSON, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., DICKINSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ.

. Sharplin v. State, 330 So.2d 591 (Miss. 1976) (identifying two instructions that a trial judge may give after learning that a jury cannot reach a unanimous verdict).

. Bolton v. State, 643 So.2d 942, 944 (Miss. 1994).

. United States v. Anderton, 679 F.2d 1199, 1203 (5th Cir. 1982).

. E.g., United States v. Hitt, 473 F.3d 146, 154 (5th Cir.2006).

. Sharplin, 330 So.2d at 596.

. Id.

. Isom v. State, 481 So.2d 820, 822 (Miss. 1985).

. Murphy v. State, 426 So.2d 786, 790 (Miss. 1983).

.Id. at 791.

. Id.

. Edlin v. State, 523 So.2d 42, 46 (Miss. 1988).

. Id. at 45.

. Bolton, 643 So.2d at 943-45.

. Isom, 481 So.2d at 822.

.Edlin, 523 So.2d at 45.