Now before the Court, en banc , is the Application for Leave to Proceed in the Trial Court filed by Richard Birkhead, pro se . A Response was filed by the State of Mississippi.
On appeal, the Court affirmed Birkhead's conviction and sentence. See Birkhead v. State , 57 So.3d 1223 (Miss. 2011). The mandate issued on March 10, 2011. On April 25, 2013, a panel of the Court denied Birkhead's pro se Application for Leave to Proceed in the Trial Court.
In the present Application, Birkhead claims that he received ineffective assistance of counsel based upon: (a) trial and appellate counsel's failure to advance speedy-trial claims; (b) trial counsel's alleged conflict of interest; and (c) trial counsel's failure "to protect his due process right to a competency hearing ...." After due consideration, the Court finds that (a) and (b) are waived and/or lack an arguable basis, and Birkhead's Application should be denied thereon. But as to (c), the Court finds that Birkhead's Application should be granted.
IT IS THEREFORE ORDERED that the Application for Leave to Proceed in the Trial Court filed by Richard Birkhead, pro se , is hereby granted in part and denied in part. Birkhead shall have sixty (60) days from the entry of this Order to file his Motion for Post-Conviction Relief in the trial court on his claim of ineffective assistance of counsel based upon trial counsel's failure "to protect his due process right to a competency hearing ...."
SO ORDERED, this the 22nd day of February, 2017.
/s/ Dawn H. Beam
DAWN H. BEAM, JUSTICE
TO GRANT IN PART: WALLER, C.J., DICKINSON, P.J., KITCHENS, KING, BEAM AND CHAMBERLIN, JJ.
COLEMAN, J., OBJECTS WITH SEPARATE WRITTEN STATEMENT JOINED BY RANDOLPH, P.J., AND MAXWELL, J.
¶ 1. I object to the order granting Richard Birkhead permission to proceed in the trial court on the following two grounds: (1) the petition is barred by the applicable three-year statute of limitations and (2) he has failed to make a substantial showing of the denial of any fundamental state or federal right. Indeed, as discussed below, *155 the only violation as to which he has made a substantial showing of a violation is a mere procedural one, created by rule alone.
I. The statute of limitations bars Birkhead's petition.
¶ 2. Birkhead filed the instant petition more than three years after the mandate issued in his direct appeal. As more fully set out below, his petition is barred by the applicable three-year statute of limitations and meets no exception found therein. Nevertheless, the order entered by a majority of the Court today sidesteps a law that we previously have found to be constitutional by using judicial power to add exceptions to the statute the Legislature did not itself see fit to add.
¶ 3. Article 1, Section 2, of the 1890 Constitution provides as follows:
No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others. The acceptance of an office in either of said departments shall, of itself, and at once, vacate any and all offices held by the person so accepting in either of the other departments.
Accordingly, if the Legislature has the power to enact the substantive law of the State in the form of statutes, and if the Legislature has the power to determine the content of the statutes, then-if our Constitution is to be followed-we do not.
¶ 4. Mississippi Code Section 99-39-5 sets the statute of limitations for post-conviction relief, as applicable to Birkhead, as follows:
(2) A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi. ... Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:
(a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or
(ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.
(b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
Miss. Code Ann. § 99-39-5 (Rev. 2015). A Washington County jury convicted Birkhead of capital murder, after which the Supreme Court affirmed his conviction and sentence. Birkhead v. State , 57 So.3d 1223 (Miss. 2011). The mandate issued on *156 March 10, 2011. Accordingly, he had until March 10, 2014, to file any petition for post-conviction relief, unless he meets one of the exceptions to the three-year limitations period. The exceptions provided by the statute are as follows: (1) an intervening judicial decision of either the Mississippi Supreme Court or the United States Supreme Court that would have had an actual, adverse effect on the conviction or sentence; (2) new evidence not discoverable at the time of trial; (3) the existence of untested DNA or DNA evidence subject to additional testing; and (4) cases wherein the petition claims that his sentence has expired or probation, parole, or conditional release has been revoked unlawfully. Id.
¶ 5. None of the exceptions applies to the case sub judice . However, Birkhead contends that his claim should not be subject to the statute of limitations because it meets the fundamental-rights exception to the procedural bars to post-conviction relief. See Rowland v. State (Rowland II ), 98 So.3d 1032, 1036 (Miss. 2012) ("In addition to the statutory exceptions afforded by the Act, we have provided that an exception to the procedural bars exists for errors affecting certain constitutional rights.") (citing Smith v. State , 477 So.2d 191, 195 (Miss. 1985) ("errors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal")).
¶ 6. The Rowland II[1] Court identified the following three areas in which the fundamental-rights exception to the procedural bars previously had been applied: (1) violations of the protection against double jeopardy, (2) imposition of an illegal sentence, and (3) lack of due process at sentencing. Id. at 1038 (¶ 6). Unfortunately, our treatment of the fundamental-rights exception to the procedural bars to post-conviction relief has been too open-ended in defining the scope of the application of the exception, in that we now have reached a point at which the merest inscription of the words "fundamental rights" throws finality of judgment out of the window and allows collateral attack on a judgment of conviction no matter that the defendant has no new cases, no new evidence, and no DNA to test. I fear the Court effectively has written the Section 99-39-7 statute of limitations out of existence.
¶ 7. In response, I suppose one could point out that it is only in cases in which one convicted of a crime raises a "fundamental right" that we may ignore the statute, but a quick survey of the rights we previously deemed fundamental belies forever the contention that the fundamental-rights exception applies only to a narrow subset of post-conviction relief petitions. My boolean search on Westlaw produced a list of 385 opinions-the vast majority of which admittedly are direct appeals-in which the Mississippi Supreme Court used the phrase "fundamental right." In addition to the three recognized in Rowland II , we have applied the term fundamental, inter alia , to the right not to be convicted while incompetent to stand trial ( Smith v. State , 149 So.3d 1027 (Miss. 2014) ); the right to present the defendant's theory of the case ( Chinn v. State , 958 So.2d 1223, 1225 (¶ 13) (Miss. 2007) ); the right to compulsory process of witnesses ( White v. State , 127 So.3d 170, 175 (¶ 15) (Miss. 2013) ); the right to an unflawed indictment ( State v. Buckhalter , 119 So.3d 1015, 1019 (¶ 14) (Miss. 2013) ); the right to alternative theories of defense ( Childs v. State , 133 So.3d 348, 351 (¶ 12) (Miss. 2013) ); and the right to be free of an improper jury instruction attempting to *157 prompt a deadlocked jury into rendering a verdict ( Sharplin v. State , 330 So.2d 591 (Miss. 1976) ). See also Lafayette v. State , 90 So.3d 1215, 1218-1219 (Miss. 2012) (considering the issue under plain-error analysis, which requires that the right at issue be a fundamental one); Havard v. State , 94 So.3d 229, 238 (¶ 26) (Miss. 2012) (the privilege against self-incrimination); Wilson v. State , 81 So.3d 1067, 1091 (¶ 37) (Miss. 2012) (the right to a jury at sentencing in a death penalty case); and-I will stop here but could continue for quite a bit longer. Birkhead v. State , 57 So.3d 1223, 1238 (¶ 53) (Miss. 2011) (the right to have prosecution refrain from commenting on defendant's choice not to testify).
¶ 8. Aside from referring to specific rights as fundamental, one who looks for it can find language in our opinions that arguably indicates that any error touches upon the fundamental right to a fair trial. In Mitchell v. State , 90 So.3d 584 (Miss. 2012), we stopped short of calling the right to proper jury instructions a fundamental one, but the Mitchell Court did consider the merits of several of defendant's arguments that the jury that convicted him was improperly instructed despite the lack of a contemporaneous objection and after the defendant tied the right to proper jury instructions to the overarching fundamental right to a fair trial. See also Rogers v. State , 85 So.3d 293, 295 (¶ 6) (Miss. 2012) (implying that an error in introducing prior-bad-acts evidence is tied to the fundamental right to a fair trial). If, in pursuing post-conviction relief, a convicted person can tie any error to the fundamental right to a fair trial, then truly we have disposed of all procedural bars otherwise applicable to post-conviction relief litigation.
¶ 9. To be clear, I do not disagree with the principle that anyone imprisoned due to a violation of a fundamental right should have the opportunity to present the alleged violation to the courts of Mississippi and ask for relief. Furthermore, I acknowledge that the common-law doctrine of equitable tolling may apply in appropriate cases. See e.g., Puckett v. State , 834 So.2d 676, 678-680 (Miss. 2002). However, I am deeply concerned that our current jurisprudence on the matter leaves the issue so open-ended that the procedural bars are completely off the books. In the instant case, Birkhead had every opportunity to present the claims he now presents to the court within the three-year limitations period. He failed to do so. Any convicted prisoner who has all of the facts necessary to support a claim that his incarceration results from a violation of any right-fundamental or otherwise-at the time the three-year period begins to run has the opportunity to raise the issue, whether he takes the opportunity or not.
¶ 10. The statute of limitations and the exceptions thereto adopted by the Legislature give convicted prisoners ample protection and opportunity to present grievances to the courts, even grievances evoking fundamental rights. Any prisoner situated similarly to Birkhead who knew all of the alleged facts giving rise to his claim for relief at the time of sentencing and who presents no new facts or intervening decisions would have had the opportunity to present his argument to the courts-as Birkhead did for three years following the issuance of the mandate concluding his direct appeal.
¶ 11. The members of the Legislature take an oath of office, in which they swear to "faithfully support the Constitution of the United States and of the State of Mississippi." Miss. Const. art. 4, § 40. In other words, the judiciary is not the only branch of government that need concern itself with ensuring constitutional rights are protected. Nevertheless, we effectively have found Section 99-39-5(2) unconstitutional *158 without ever giving the State a chance to argue otherwise or requiring that its unconstitutionality be proven beyond a reasonable doubt. Fulgham v. State , 47 So.3d 698, 701 (¶ 8) (Miss. 2010) (citing Edwards v. State , 800 So.2d 454, 460 (Miss. 2001) ). In effect, we have held that the three-year statute of limitations does not provide constitutionally sufficient protection to the prisoner who would allege a violation of a fundamental right, although, in the context of constitutional sufficiency, "[a]ll doubts are resolved in favor of the validity of the statute." Fulgham , 47 So.3d at 701 (¶ 8).
¶ 12. The language from Rowland II and other recent cases that exempt claims based on fundamental rights from the procedural bars predate Mississippi's Uniform Post-Conviction Collateral Relief Act, which became effective on April 17, 1984. In Smith v. State , 477 So.2d 191 (Miss. 1985), a case cited by the Rowland II Court, one gets a good view into the state of post-conviction relief law at the time the Uniform Post-Conviction Collateral Relief Act went into effect.
This Court has repeatedly and consistently held that "post-conviction relief in Mississippi is not granted upon facts and issues which could or should have been litigated at trial and on appeal." Smith v. State , 434 So.2d 212, 215 (Miss. 1983), and the numerous authorities cited therein. Post-conviction proceedings are for the purpose of bringing to the trial court's attention facts not known at the time of judgment. Questions not alleged and raised at trial and/or on direct appeal are procedurally barred and may not be litigated collaterally in a post-conviction environment. Gilliard v. State , 446 So.2d 590 (Miss.1984) ; Pruett v. Thigpen , 444 So.2d 819 (Miss. 1984) ; King v. Thigpen , 441 So.2d 1365 (Miss. 1983) ; Evans v. State , 441 So.2d 520 (Miss.1983) ; Smith v. State , 434 So.2d 212 (Miss. 1983) ; Edwards v. Thigpen , 433 So.2d 906 (Miss. 1983) ; Wheat v. Thigpen , 431 So.2d 486 (Miss. 1983) ; Callahan v. State , 419 So.2d 165 (Miss. 1982).
As the state suggests, it is noted that this issue was not raised on direct appeal, nor does the motion here show such facts as are necessary to demonstrate that this claim is not procedurally barred.
However, this Court has previously held that errors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal. Read v. State , 430 So.2d 832 (Miss. 1983) ; Brooks v. State , 209 Miss. 150, 46 So.2d 94 (1950). It is noted that in the case sub judice that the defense counsel failed to raise the sentence issue on appeal, but that this defendant is raising the issue in his pro se post-conviction motion to correct sentence. This Court recognizes that citizens may not be deprived of constitutional rights without due process of law and that due process requires reasonable advance notice and a meaningful opportunity to be heard. Read,supra. An analysis of the indictment in this case, together with the foregoing transcript of the sentencing hearing, clearly show a denial of due process in sentencing. The comparison of a seven year sentence, as opposed to a life sentence, without probation or parole is too significant a deprivation of liberty to be subjected to a procedural bar.
Therefore, this Court is compelled to address this plain error in the sentencing order.
Smith v. State , 477 So.2d 191, 195-196 (Miss. 1985).
¶ 13. For the purpose of considering the application of the fundamental-rights exception *159 to the procedural bars to the statute of limitations, it is critical to notice what the Smith Court did in the above-quoted, admittedly lengthy, section above. In the first paragraph, the Court clearly, unequivocally establishes that issues "not alleged" at trial are procedurally barred from consideration on direct appeal. In the second, the Court takes the direct appeal procedural bar and applies it to Smith's post-conviction claims. What happens next, in paragraph three, matters. The Smith Court takes from the procedural and judicially created rule that procedural bars do not apply in the face of fundamental rights raised in the plain-error context and imports the rule to the post-conviction relief context. In other words, the Smith fundamental-rights exception to the procedural bars as applicable to post-conviction relief was taken, at least in part, from the procedural bars created by the Court and applicable to direct appeals; the bars in question are procedural and judicially created.
¶ 14. The statute of limitations engrafted into the Post-Conviction Collateral Relief Act is no procedural rule. In point of law and fact, it cannot be. The Legislature has no constitutional authority to enact rules of procedure, Newell v. State , 308 So.2d 71, 78 (Miss. 1975), but it does have authority "to fix reasonable periods within which an action shall be brought and, within its sound discretion, determine the limitation period." Cole v. State , 608 So.2d 1313, 1318 (Miss. 1992). The Cole Court went on to quote the Iowa Supreme Court, which wrote, "Legislatures may pass laws regulating, within reasonable limits, the mode in which rights secured to the subject by bills of right and constitutions shall be enjoyed, and if the subject neglects to comply with these regulations he thereby waives this [sic] constitutional privileges ." Cole , 608 So.2d at 1319 (quoting State v. Berg , 237 Iowa 356, 21 N.W.2d 777 (1946) ) (emphasis added). "It is a well-settled principle that a state may attach reasonable time limitations to the assertion of federal constitutional rights." Cole , 608 So.2d at 1319 (citing United States v. Randolph , 262 F.2d 10, 12 (7th Cir.1958), cert. denied , 359 U.S. 1004, 79 S.Ct. 1143, 3 L.Ed.2d 1032 (1959) (citing Brown v. Allen , 344 U.S. 443, 486, 73 S.Ct. 397, 422, 97 L.Ed. 469, 504 (1953) )). Accordingly, the statute of limitations is a substantive, legislatively enacted law and not procedural, and our judicial pronouncements regarding how we would apply judicial procedure in the face of claims of fundamental rights should hold no weight. Furthermore, we put ourselves in the awkward position of ignoring-without bothering to overrule-our own precedent when, on the one hand, Cole holds that the statute of limitations validly operates to bar even claims that constitutional rights have been violated, and on the other hand we hold time and time again that the three-year limitations period does not apply whenever a petition claims the violation of a constitutional right.
¶ 15. Moreover, despite its lofty name, the Mississippi Supreme Court has no business amending statutes enacted by the Legislature-that branch of government constitutionally empowered to set the substantive law of our state. Little v. Miss. Dep't of Transp. , 129 So.3d 132, 138 (¶ 12) (Miss. 2013) ("We-the judicial branch of government-should not place ourselves in the position of changing the substantive law enacted by the Legislature. ...") (citing Stockstill v. State , 854 So.2d 1017, 1022-23 (¶ 13) (Miss. 2003) ). Courts have a "constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation." Tallahatchie Gen. Hosp. v. Howe , 49 So.3d 86, 92 (¶ 17) (Miss. 2010). It is not within the bailiwick of the Court to write statutes; rather, the Court construes them as written.
*160 Zambroni v. State , 217 Miss. 418, 424, 64 So.2d 335, 337 (1953). In Harris v. State , 179 Miss. 38, 175 So. 342 (1937), the Court wrote, "[W]e are admonished and have clearly in mind that penal statutes must be strictly construed, and that the court can neither add to nor take from them, and we cannot by judicial construction, or considerations of expediency, supply what is palpably omitted from a statute." Id. at 344.
¶ 16. As I set out above, our decisions move inexorably in the direction of enlarging that category of rights we consider fundamental. I am of the opinion that the Court has not since Cole properly considered the validity of the statute or the possibility that, because it is a substantive, legislative enactment, it is a new sort of creature unaffected by our pronouncements on judicial procedure. The statute did not prohibit Birkhead from filing the claims he now files within three years of the entry of the order convicting him. Had some new fact or some new decision appeared that fits the parameters of the statute, Birkhead would have been allowed to raise it. If the statute had been so drafted as to provide no avenue for relief for a prisoner who had newly discovered evidence or an intervening decision upon which to rely, I would question its constitutionality. It does, and I am of the opinion that it provides all convicted prisoners a meaningful chance to seek post-conviction relief, which is what the law requires. Cole , 608 So.2d at 1318-1319. I would affirm the judgment of the Court of Appeals, holding that Birkhead's petition is barred by it. I would further clarify or even overrule in part our holdings in Rowland II and other cases addressing the fundamental-rights exception so that we apply the fundamental-rights exception only to the bars that are, in fact, procedural in nature, for example, the procedural prohibition against raising an issue on appeal or in a petition for post-conviction relief that was not presented first to the trial court.
¶ 17. In continuing to erode the statute of limitations, we move steadily toward a model for post-conviction relief in which convicted petitioners will be limited only by their own energy and imagination as they file petition after petition and devise new and different factual backstories to resubmit the same claims of violations of their fundamental rights.
As Justice Harlan observed, the guilty prisoner himself has "an interest in insuring that there will at some point be the certainty that comes with an end to litigation, and that attention will ultimately be focused not on whether a conviction was free from error but rather on whether the prisoner can be restored to a useful place in the community." Sanders v. United States , 373 U.S. [1] at 24-25, 83 S.Ct. [1068] at 1081-1082 [10 L.Ed.2d 148 (1963) ] (dissenting).
Kuhlmann v. Wilson , 477 U.S. 436, 452, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1982). "There must be an end to litigation somewhere. ..." Pierce v. Illinois Cent. R.R. Co. , 254 Miss. 806, 810, 183 So.2d 190, 191 (1966). We do no favors for the people of Mississippi, the courts of Mississippi, and even the repeat post-conviction relief petitioners by ignoring the legislatively mandated statute of limitations.
II. Birkhead fails to make a substantial showing that he was tried while incompetent to stand trial.
¶ 18. Even if Birkhead had filed a timely petition, he fails to make the requisite showing that he should be allowed to proceed below. Mississippi Code Section 99-39-27(5) sets the standard that must be met before a petitioner is allowed to proceed in the trial court. Per the statute, Birkhead is required to "present a substantial showing of the denial of a state or federal right. ..."
*161 ¶ 19. The right asserted by Birkhead-the right to be tried while competent-is certainly a protected right, as recognized in Smith . However, in my opinion, Birkhead does not produce enough evidence to meet the Section 99-39-27(5) standard. Other than an unsubstantiated claim found within the text of his petition that his trial counsel commented that he could not assist with his defense, the only evidence supplied by Birkhead with his petition is an unsworn report from a clinical neuropsychologist, Dr. John R. Goff, Ph.D., retained by his defense team at the time of trial and unsworn reports from the Mississippi Training Schools that date from the early seventies. The report from Dr. Goff, while lengthy and detailed, evaluates only Birkhead's standing for purposes of determining his death-penalty eligibility under Atkins v. Virginia , 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). It is silent as to Birkhead's competence to stand trial, which is determined according to a wholly different legal standard. See Smith , 149 So.3d at 1032-1033 (¶ 14). In the present petition, Birkhead submits no competent evidence showing that at the time of trial he could not understand the nature of the proceedings against him, was unable to rationally communicate with his attorney, could not recall relevant facts, or could not testify in his own defense. Id. ; see also Hearn v. State , 3 So.3d 722, 728 (¶ 15) (Miss. 2008).
¶ 20. In short, in order to grant leave to proceed to Birkhead, the Court must find some violation to be of a fundamental right. Accordingly, the Court does one of two things. Either we ignore Section 99-39-27(5) by allowing Birkhead to proceed on an inadequate showing of a violation of his fundamental right to be tried while competent, or, as the denial of his rule-created right to a competence hearing is the only denial he substantially shows, the Court elevates a right created by a mere procedural rule to the status of a protected fundamental right.
¶ 21. For the foregoing reasons, I disagree with today's order granting Birkhead leave to proceed in the trial court.
RANDOLPH, P.J., AND MAXWELL, J., JOIN THIS SEPARATE WRITTEN STATEMENT.

I refer to it as Rowland II to distinguish it from Rowland v. State , 42 So.3d 503 (Miss. 2010), in which the fundamental-rights exception to the procedural bars also plays a part.